UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
:
JSO ASSOCIATES, INC., :
:
        Plaintiff, : ORDER
: 13-CV-6035 (JFB)(ARL)
        – against – :
:
AWREY BAKERIES, LLC and JOHN AWREY, :
:
        Defendants. :
:
----------------------------------X

JOSEPH F. BIANCO, District Judge:

By motion dated March 27, 2014, plaintiff moves to sever the corporate defendant, Awrey Bakeries, LLC ("Awrey Bakeries"), pursuant to Fed. R. Civ. P. 21. (Motion, Docket No. 9.) Awrey Bakeries and defendant John Awrey ("Awrey"), whose answers were due on December 20, 2013, have not appeared in this action.[1] For the following reasons, the Court grants the motion to sever.

I.    BACKGROUND

Plaintiff is engaged in the sale of perishable agricultural commodities. (Complaint ¶ 3.) Awrey Bakeries was engaged in the sale of perishable agricultural commodities. (*Id.* ¶ 4a.) Awrey was the officer and director of Awrey Bakeries. (*Id.* ¶ 4b.) Plaintiff brings this action to seek specific enforcement under the 1984 amendment to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), and the regulations issued pursuant thereto, 7 C.F.R. Part. 46, 49, F. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations"). (*See* Complaint ¶ 5; Motion, at 2.) Specifically, plaintiff alleges that it sold and delivered to defendants $5,035 worth of wholesale quantities of produce form May 5 to November 1, 2012, and that defendants have failed to pay for that produce when payment

---

[1]Pursuant to this Court's order dated February 27, 2014, defendants' oppositions, if any, were due by April 27, 2014. No oppositions were filed.

1

was due. (Complaint ¶ ¶ 7–8.) Awrey Bakeries has declared bankruptcy before the District of Delaware. (*See* Affirmation of Leonard Kreinces ("Kreinces Aff.") ¶¶ 7–8; Bankruptcy Petition, Kreinces Aff. Ex. I.) Counsel for plaintiff contacted the trustee, who responded that he "has no assets available for administration which would be PACA trust assets" and confirmed that the present action before this Court was filed pre-petition. (Email, Kreinces Aff. Ex. K.) Plaintiff now moves to sever Awrey Bakeries from this action, to allow it to proceed with the claims against Awrey.

II. LEGAL STANDARDS

    A.    <u>Severance</u>

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, "[o]n motion or on its own, the court may, at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Further, Rule 42(b), which governs motions for severance, provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). The decision whether to sever a party or a claim is within the broad discretion of the district court. *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988). In making such a determination, a court must consider:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted.

*German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

B.  PACA

"Congress enacted PACA in 1930 to regulate the interstate sale and marketing of perishable agricultural commodities." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2d Cir. 2007) (citing *Am. Banana Co. v. Republic Nat'l Bank of N.Y.*, 362 F.3d 33, 36–38 (2d Cir. 2004)). "The statute provides growers and sellers of agricultural produce with 'a self-help tool enabling them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables.'" *Id.* (quoting *D.M. Rothman & Co. v. Korea Commercial Bank of N.Y.*, 411 F.3d 90, 93 (2d Cir. 2005)). Under the relevant provision, perishable commodities or proceeds from the sale of those commodities are held in trust by the buyer for the benefit of the unpaid seller until full payment is made:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker . . . and any receivables or proceeds from the sale of such commodities . . . shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). "As a PACA trustee, a produce buyer is charged with a duty 'to insure that it has sufficient assets to assure prompt payment for produce and that any beneficiary under the trust will receive full payment.'" *Coosemans Specialties*, 485 F.3d at 705 (quoting *D.M. Rothman*, 411 F.3d at 94). PACA affords produce sellers "a highly unusual trust beneficiary status that permit[s] them, in the case of defaults, to trump the buyers' other creditors, including secured ones." *Am. Banana*, 362 F.3d at 38.

III.  DISCUSSION

There is no reason to stay this action as to Awrey, and severance is appropriate. The automatic stay of Chapter 7 Bankruptcy, 11 U.S.C. § 362(a), is limited to debtors and ordinarily does not extend to non-bankrupt co-defendants. *E.g.*, *Gray v. Hirsch*, 230 B.R. 239, 242–43 (S.D.N.Y.

3

1999) (citing cases). "Even when an action is pending as of the petition date against a corporate debtor which is a codefendant with its officers and directors, the lawsuit is typically stayed only as to the debtor." *In re First Cent. Fin. Corp.*, 238 B.R. 9, 18 (E.D. Bankr. 1999) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) (ruling that debtor may be severed from action, which may then be continued against other defendants)). Basically, "where a non-debtor codefendant may be held independently liable of the debtor, then there is no compelling basis by which a court must extend the automatic stay provisions of § 362 to the non-debtor codefendants." *Id.* (internal quotation marks and citation omitted). Thus, "[a] non-debtor can claim the protection of a debtor's stay only in 'unusual circumstances'"—specifically, one "'when there is such identity between the debtor and [non-debtor] that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor] will in effect be a judgment . . . against the debtor.'" *Gray*, 230 B.R. at 242 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

Here, Awrey has not declared bankruptcy and, thus, he is a non-debtor. Further, the Second Circuit has recognized that "[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." *Coosemans Specialities*, 485 F.3d at 705 (citing cases). Thus, if plaintiff can show that Awrey was in control of the trust assets, Awrey could be held liable if plaintiff also shows that "the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the PACA liability." *Id.* at 707 (quoting *Golman-Hayden Co. v. Fresh Source Produce*, 217 F.3d 348, 351 (5th Cir. 2000)); *see Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 349–50 (S.D.N.Y. 1993) ("[W]e hold the corporation liable in the first instance for the debt owed Okun, and Zimmerman liable secondarily, as the corporate fiduciary, for whatever amount of money is not recoverable from the corporation."). "When PACA trust assets are tied up in litigation, or in the form of uncollected accounts receivable, they are insufficient to satisfy the PACA liability because they

4

are not 'freely available' for 'prompt payment' to trust beneficiaries as the PACA regulations require." 485 F.3d at 707 (quoting 7 C.F.R. § 46.46(d)(1), (e)). Therefore, plaintiff need not wait for the conclusion of the bankruptcy proceedings before seeking recovery directly from Awrey.[2] Moreover, as a result, the bankrupt corporation would not be adversely affected should plaintiff succeed against Awrey, and there is no basis to extend the automatic stay to non-debtor Awrey.

Turning to the severance factors, the Court therefore concludes that (1) Awrey would suffer no prejudice by severance (other than his personal liability, which is authorized by PACA); (2) plaintiff would be prejudiced if the Court does not grant the severance, because otherwise, the entire action would be stayed; and (3) although the issues of law and fact are intertwined, should plaintiff succeed against Awrey, plaintiff would not be entitled to double recovery for the unpaid produce. Thus, severance would facilitate the conclusion of this litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the motion to sever. Plaintiff is directed to serve a copy of this order on defendants and file proof of service on ECF forthwith.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:    June 25, 2014
          Central Islip, NY

---

[2] The Court notes that a PACA beneficiary has priority over any secured creditor on the purchaser's commodity-related assets to the extent of the amount of her claim, and trust assets are not part of the estate in bankruptcy. *Morris Okun*, 814 F. Supp. at 348 (citations omitted).